PER CURIAM.
 

 Aaron Marsh (“Marsh”) petitions this Court for writs of prohibition and habeas corpus and asserts that he was not in lawful custody under the terms of the Jimmy Ryce Act when the State initiated commitment proceedings against him. Because we conclude that Marsh was in lawful custody when the State initiated the commitment process on April 19, 1999, we deny the petitions.
 

 As the Florida Supreme Court stated in
 
 Larimore v. State,
 
 2 So.3d 101, 107-08 (Fla.2008):
 

 [T]he Legislature appears to have specifically contemplated that an individual would be lawfully in the State’s custody when civil commitment proceedings are commenced under the Act.
 
 The Act provides that the commitment process is initiated by the “agency with jurisdiction.” This is done in one of two ways-either by giving notice to the multidisci-pliua'ry team and state attorney under section 394.913(1), Florida Statutes (2004), which, begins the detailed process under that section, see § 394.913(1)-(4),
 
 or by transferring the individual to the custody of the Department of Children and Family Services upon that person’s “immediate release from total confinement” under section 394.9135(1), Florida Statutes (2004).
 

 (Emphasis added; citations and footnote omitted).
 

 Here, it is undisputed that the commitment process was initiated on April 19,
 
 *1215
 
 1999, when the Department of Corrections provided written notice to the Assistant Secretary for Mental Health, Department of Children and Family Services, and to the state attorney, stating that Marsh appeared to be a sexually violent predator, and that he was scheduled for release from incarceration.
 
 See
 
 § 916.33, Fla. Stat. (Supp. 1998) (renumbered as section 394.913, and amended by ch. 99-222, § 6 at 1377, Laws of Fla.).
 
 [1]
 
 It is further undisputed that Marsh was in lawful custody on April 19, 1999 — the date the commitment process was initiated.
 
 See Larimore,
 
 2 So.3d at 110-11 (concluding that “the legislative intent of the Jimmy Ryce Act is that the person is in lawful custody at the time any initial steps are taken in the commitment process under either section 394.913 or 394.9135”). Accordingly, Marsh is not entitled to the requested relief.
 

 Petitions denied.
 

 [1]
 

 . As Marsh was serving a sentence in the custody of the Department of Corrections ("DOC”), DOC was the "agency with jurisdiction” pursuant to section 394.912(1), Florida Statutes (2008).